IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY CARROLL, | No. C 11-03347 YGR (PR) |
| Plaintiff, | **ORDER DIRECTING PLAINTIFF TO SHOW CONTINUED INTENT TO PROSECUTE THIS ACTION** |
| vs. | |
| VIEW SONIC, et al., | |
| Defendants. / | |

Plaintiff, a prisoner incarcerated at the Green Rock Correctional Center (GRCC) in Chatham, Virginia, filed the instant *pro se* civil rights action under 42 U.S.C. § 1983. On March 28, 2012, this action was reassigned to the undersigned judge. On this same date, the Court mailed Plaintiff a copy of the Reassignment Order.

On April 5, 2012, the Reassignment Order was returned as undeliverable with two notations. The first notation states, "RTS NOT @ GRCC," which the Court interprets to mean return to sender, inmate not at GRCC. The second states, "REFUSED." This second notation usually means prison staff attempted to deliver mail to an inmate, but that inmate refused to accept its delivery. However, if Plaintiff is no longer incarcerated at GRCC, the second notation could also mean that prison staff refused to accept the Reassignment Order on Plaintiff's behalf.

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with a court order. *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991). But such a dismissal should only be ordered when the failure to comply is unreasonable. *See id.* A district court should afford the litigant prior notice of its intention to dismiss. *See Malone v. United States Postal Serv.*, 833 F.2d 128, 133 (9th Cir. 1987).

In the instant case, Plaintiff has either been transferred from GRCC or has refused mail from the Court. Furthermore, his last letter to the Court was filed on January 6, 2012, and he has not otherwise communicated with the Court for the past five months.

Accordingly, it is in the interests of justice and judicial efficiency for the Court to establish whether Plaintiff intends to continue to prosecute this action. Plaintiff shall file a notice of his continued intent to prosecute no later than **twenty-eight (28)** days of the date of this Order. Failure to do so will result in the dismissal of this action without prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. *See Malone*, 833 F.2d at 133 (district court should afford the litigant prior notice before dismissing for failure to prosecute).

IT IS SO ORDERED.

DATED: June 19, 2012

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**